the facts, and the facts were not admitted. Besides, a portion of the evidence was oral and conflicting. The plaintiff in error had the right to a trial by jury if he insisted on it,—§ *3635, Comp. L.*,—and one jury having disagreed and been discharged, it was the duty of the court to impannel a new one unless the parties in some manner waived it.— § *4540, Comp. L.* The record shows that the plaintiff in error insisted upon the right, and that was enough.

The order of the circuit court, affirming that of the probate court, must be reversed, with costs, and a new trial awarded.

The other Justices concurred.

------◆------

## Edwin R. Seeley v. Henry Howard.

*Description of premises in ejectment.* In an action of ejectment the description of the premises in the declaration as "the following real estate and premises situate in the city of Port Huron, county of St. Clair, and being known and designated as the undivided eighth part of that part of the lower Westbrook Farm (so-called), in section 15, town 6 north, range 17 east, lately conveyed by Frederick H. Vanderburgh, trustee, to said Henry Howard, by deed, dated April 15, 1870, and recorded liber 30, page 201, of deeds, in the office of the register of deeds for said county," is sufficient on special demurrer raising that question.

*Heard April 21. Decided April 25.*

Error to St. Clair Circuit.

Seeley brought ejectment in the circuit court for the county of St. Clair, and declared as follows:

"Edwin R. Seeley, plaintiff in this suit, by John Atkinson, his attorney, filing this declaration as commencement of suit, complains of Henry Howard, defendant in this suit, in a plea of ejectment.

"For that, whereas, the said plaintiff, on the first day of June, in the year one thousand eight hundred and seventy, was possessed of the following real estate and premises, sit-

uate in the city of Port Huron, county of St. Clair, and being known and designated as the undivided eighth part of that part of the lower Westbrook Farm (so-called), in section fifteen (15), town six (6) north, range seventeen (17) east, lately conveyed by Frederick H. Vanderburgh, trustee, to said Henry Howard, by deed, dated April 15, 1870, and recorded liber 30, page 201, of deeds, in the office of the register of deeds for said county, which said premises the said plaintiff claims in fee and the said plaintiff being so possessed thereof, the said defendant afterwards, to wit: on the second day of June in said last mentioned year, entered into said premises and ejected the said plaintiff therefrom, and unjustly withholds from said plaintiff the possession thereof, to the damage of said plaintiff one thousand dollars, and therefore he brings suit, etc."

Howard demurred to the declaration, and for causes of demurrer alleged: "1. That the description in said declaration is indefinite and uncertain. 2. That from the description, possession of the premises claimed could not be delivered. 3. The description in and by itself is not a complete description. 4. The description is not such as required by the statute. 5. The declaration does not allege that the defendant unlawfully withholds from the plaintiff the possession of the premises claimed. 6. There is no such a plea known to the law as a plea of ejectment. 7. The commencement of said declaration is uncertain, indefinite, vague, and meaningless. 8. The commencement of said declaration is not according to the rules of this court."

Seeley joined in the demurrer. The circuit court sustained the demurrer and awarded judgment in favor of Howard.

*John Atkinson,* for plaintiff in error.

*E. W. Harris* and *Moore & Griffin,* for defendant in error.

SEELEY v. HOWARD.

It was held by THE COURT, unanimously, that only those grounds of demurrer deserve attention which raise the question whether the premises are described with sufficient certainty; and that, according to the established rules of pleading in ejectment at the present day, as sanctioned by law-writers and illustrated by uniform practice, the description in this case is sufficiently precise and certain.

The judgment of the court below reversed with costs.