## LEVI LEWIS v. W. C. BARKER.

### Evidence.

1. The plaintiff's store while occupied by the defendant was burned. The question being whether burned by the defendant, and one of the plaintiff's witnesses (who was the defendant's clerk, and who, the defendant claimed, set the fire) having admitted on cross-examination that he told a certain party that he had been offered $100 to burn a building, it not appearing what building, it was held that the defendant was bound by the answer ; that he could not inquire of the witness if it was true that such offer had been made ; nor prove that he refused to work for him the day after the fire.

2. It was claimed that the defendant's motive in burning the building was to get the over-insurance on his goods. He had some commission goods which were not destroyed by the fire, but which he fraudulently attempted to induce the insurance company to pay for. A postal card written by the defendant to the owner of such goods, stating that they had been burned, and that the company refused payment, was admissible.

TRESPASS, for burning a store building of the plaintiff in the town of Wells. Plea, general issue. Trial by jury, September Term, 1882, VEAZEY, J., presiding ; and verdict for the plaintiff.

One Spencer, a witness for the plaintiff, and the defendant's clerk at the time of the fire, on cross-examination, was asked by the defendant, if he had not stated, some time previous to the fire, in the presence of one Merrill, that a certain person had offered him $100 to burn a building in the town of Wells, and replied that he had. The defendant's counsel then asked the witness if it was true that any person had offered him $100 to burn a building.

The court excluded this testimony, after inquiring of the defendant's counsel if he expected to show that the offer applied to the store in question, or to any building that had been burned, and his replying, that he did not know that it did. The court also refused to allow Merrill to testify as to what the witness had stated about the offer to him.

The plaintiff rented the store to the defendant. It was claimed the goods were over-insured. Said Spencer testified, that a short

time before the fire, there was a case of Gargling Oil in the store ; that defendant told him that it was commission goods and directed him to remove it ; that he did so, and that it was not in the store when burned. . The insurance agent who adjusted the loss on the goods, testified that the defendant made claim for this oil. The court admitted a postal card written by the defendant to the owners of this oil, stating that he received it, that it had been burned, and that the insurance company refused to pay for it on the ground that it was commission goods. The defendant excepted.

*Joel C. Baker,* for the plaintiff.

*Fayette Potter,* for the defendant.

The opinion of the court was delivered by

TAFT, J.   The defendant claimed that Spencer, a witness called for the plaintiff, set fire to the building burned, and asked him on cross-examination, if he had not stated in presence of one Merrill that a certain person had offered him one hundred dollars to burn a building in the town of Wells, and the witness replied that he had so stated ; he then asked him if it was true, and on the plaintiff's objection, the testimony was excluded, the defendant stating that he did not know that the offer applied to the store in question, or to any building that had been burned. We do not see how the fact that the witness had been offered a sum of money by some person to burn a building not the plaintiff's and one that had not been burned, had any tendency to show that he, the witness, burned the plaintiff's store. It was wholly irrelevant, and the evidence to prove it properly excluded. It might not have been error for the court in its discretion as a part of the cross-examination of the witness to have admitted the testimony, but it was not error to exclude it. It being a collateral fact the defendant was bound by the answer of the witness, and could not contradict it, and the testimony of Merrill for that purpose rightly rejected.

The next error assigned was the refusal of the court to permit

Lewis *v.* Barker.

the defendant to show that Spencer refused to work for him the day after the fire. This testimony was not material upon any of the issues in the case ; for, although " Man goeth forth unto his work and to his labor until the evening ;" (Ps. civ, 23,) yet a refusal to do so was no evidence that Spencer burned the plaintiff's building.

The plaintiff claimed that the defendant had caused his goods to be largely over insured, and then burned them, and attempted to defraud the insurance companies by making claims for goods not destroyed, &c.; and the evidence tended to show this, and tended to show that he attempted to recover for Gargling Oil, that he knew was not insured, and that he knew had not been burned ; although the postal card was written after the fire, we think the attempt to defraud the company into paying him for the oil, and the owners of the oil into not collecting it of him, was so connected with the main transaction as to make any part of the attempt admissible whether made before or after the fire. It was evidence relative to the scheme, which the jury found he had entered into, for the purpose of swindling the insurance companies, relative to the goods that the parties supposed were in the store at the time of its destruction. We think there was no error in permitting the card to be read ; as the card was properly in evidence, the request of the defendant that it could not be considered by the jury *for any* purpose should not have been complied with. This last point is the only one insisted upon with respect to the exceptions taken to the charge.

Judgment affirmed.