IN THE MATTER OF THE ESTATE OF NEHEMIAH D. STEB-BINS, DECEASED. EMILY D. R. STEBBINS v. ABRAM L. STEBBINS, EXECUTOR, ETC.

*Jury trial—Appeal from probate court—Will—Omission of provision for child—Evidence.*

1. The fullest latitude has been given, both by the profession and the courts, to How. Stat. § 6783, which provides that upon an appeal from the probate court, if there be any question of fact. to be decided, issue may be joined thereon under the direction of the court, and a trial thereof had by jury; and the absolute right of a party to have all questions of fact in this class of' cases tried by a jury was determined in *Grovier v. Hall,* 23. Mich. 11, and such right may well be considered as settled in this State.

2. The question whether or not a testator omitted to provide in his will for certain of his children unintentionally or by accident or· mistake is one of fact, which the contestant has a right to have· submitted to a jury, whose verdict in his favor is conclusive, if there is any competent evidence submitted to them upon. which to base it.

3. A clause in a will by which the testator bequeaths to his son the family Bible, if he desires it, and, if not, providing that it. may be put into the hands of a granddaughter, naming her, and a clause directing the division of his books and clothing·

among his brothers and their families, but giving the grand-daughter the privilege of selecting from them, if it is her wish, cannot be said, as matter of law, to make provision for the granddaughter, within the meaning of How. Stat. § 5810, which provides that when any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, and it shall appear that such omission was not intentional, but was made by mistake or accident, such omitted heir shall have the same share in the estate as if the testator had died intestate.

4. The omission to provide may be shown to have been unintentional either by the terms of the will or by extrinsic parol testimony; and the relation of the testator to the objects of his bounty and to the omitted heir, as well as his intelligence, his mental and physical condition, and the circumstances connected with the making of the will, are all proper matters for consideration by the jury.

*Certiorari* to Wayne. (Gartner, J.)   Argued November 3, 1892.   Decided December 23, 1892.

Petition, by an heir alleged to have been unintentionally omitted from the will, for the assignment to her of an interest in the testator's estate.   The executor brings *certiorari*.   Judgment affirmed.   The facts are stated in the opinion.

*Hoyt Post*, for respondent (petitioner in *certiorari*), *F. H. Canfield*, *C. I. Walker*, and *Walker & Walker*, for the several legatees of decedent, contended:

1. In support of the claim that it was error to submit the question of fact to the jury, counsel cited *Gott v. Culp*, 45 Mich. 265; *Mower's Appeal*, 48 Id. 441; *Brinsmade's Appeal*, 52 Id. 537; *Wisner v. Mabley Estate*, 70 Id. 277.

2. In all the cases which have been cited under the various statutes, however they may disagree as to minor questions, and even where the statute casts the burden on the party seeking to uphold the will of proving that the omission was intentional, there is not a single one, nor has one come to our attention during quite an extended examination, that holds a child or grandchild *who is mentioned by name* in the will to be entitled

to a share as in case of intestacy under any of the statutes. All the decisions in cases where demandant is named hold that the statute does not apply, whether any legacy at all is given or only the most insignificant one,—as, of course, it could not, if the principles laid down in the cases cited are to govern, because, if the statute was intended only to reach cases in which the child or grandchild was forgotten or overlooked, the naming of the person in the will, especially in a holographic will, ought to be quite conclusive; citing, in support of these propositions, *Terry v. Foster,* 1 Mass. 146; *Wild v. Brewer,* 2 Id. 570; *Church v. Crocker,* 3 Id. 17; *Wilder v. Goss,* 14 Id. 357; *Tucker v. Boston,* 18 Pick. 162; *Wilson v. Fosket,* 6 Metc. 400; *Bancroft v. Ives,* 3 Gray, 367; *Converse v. Wales,* 4 Allen, 512; *Prentiss v. Prentiss,* 11 Id. 47; *Wilder v. Thayer,* 97 Mass. 439; *Ramsdill v. Wentworth,* 101 Id. 125, 106 Id. 320; *Buckley v. Gerard,* 123 Id. 8; *Peters v. Siders,* 126 Id. 135; *Hurley v. O'Sullivan,* 137 Id. 86; *Merrill v. Sanborn,* 2 N. H. 499; *Smalley v. Smalley,* 70 Me. 545; *Payne v. Payne,* 18 Cal. 291; *Block v. Block,* 3 Mo. 408; *Guitar v. Gordon,* 17 Id. 408; *Bradley v. Bradley,* 24 Id. 311, 320; *Beck v. Metz,* 25 Id. 70; *Hockensmith v. Slusher,* 26 Id. 237; *McCourtney v. Mathes,* 47 Id. 533; *Pounds v. Dale,* 48 Id. 270; *Gerrish v. Gerrish,* 8 Ore. 351; *Moon v. Estate of Evans,* 69 Wis. 667; *Case v. Young,* 3 Minn. 209; *Prentiss v. Prentiss,* 14 Id. 18.

3. On the question of the admissibility of parol evidence to show that the omission was intentional, counsel cited *Wilson v. Fosket,* 6 Metc. 400; *Converse v. Wales,* 4 Allen, 512; *Ramsdill v. Wentworth,* 101 Mass. 125; *Buckley v. Gerard,* 123 Id. 8; *Peters v. Siders,* 126 Id. 135; *Lorings v. Marsh,* 6 Wall. 350; *Lorieux v. Keller,* 5 Iowa, 196; *Coulam v. Doull,* 4 Utah, 267; S. C. 133 U. S. 216; *Case v. Young,* 3 Minn. 209; *Whittemore v. Russell,* 80 Me. 297.

*B. M. Thompson,* for petitioner, contended for the doctrine of the majority opinion.

DURAND, J. This case was brought into this Court by *certiorari,* but, as the whole record was brought up, together with the exceptions taken at the trial, it was argued by counsel and heard as if brought here by writ of error.

Emily D. R. Stebbins, who is a granddaughter and one of the two sole heirs at law of Nehemiah D. Stebbins, who died testate, petitioned the probate court of Wayne

county, asking for an order assigning to her one-half of his estate, on the ground that he had omitted to provide for her in his will, and that such omission was unintentional and accidental. Her claim is based upon section 5810, How. Stat., which provides that—

"When any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, and it shall appear that such omission was not intentional, but was made by mistake or accident, such child, or the issue of such child, shall have the same share in the estate of the testator as if he had died intestate."

The probate judge denied the petition, and, upon an appeal being taken to the circuit court for the county of Wayne, the question of fact was tried by a jury, who found that the omission to provide for the petitioner was unintentional and accidental. Thereupon the circuit judge caused a judgment to be entered that the petitioner was entitled to the same share in the estate of the testator as if he had died intestate. The circuit judge refused to decide whether he would consider the verdict of the jury as conclusive on the facts or advisory merely, but submitted to them these two questions of fact:

"1. Was the omission to provide in the will in question for Emily D. R. Stebbins intentional?
" 2. Was the omission to provide in the will in question for Emily D. R. Stebbins due either to accident or mistake? "

The jury answered the first question in the negative and the second question in the affirmative.

The learned counsel for the estate insist that it was error for the circuit judge to submit these questions of fact to the jury, and that it was not such a case as should have been tried before a jury, but that it appeals rather to the equitable jurisdiction of the court, and should therefore be decided by the court without the intervention of a jury. We cannot agree with this contention The

question was purely one of fact.   It had no reference to the
proper or improper exercise of any discretionary power·
vested in any one, or to any accounting by any one, or
considerations as to the propriety of any charges or invest‑
ments, or as to the allowance of compensation, or any
other matter which appeals to equitable principles, or to the·
equitable consideration of the court, under the rule laid
down in *Gott v. Culp,* 45 Mich. 275.   No such question arose
in this case, nor anything approaching it, and the question of
whether or not the testator omitted to provide in his will
for his granddaughter unintentionally or by accident or·
mistake is as clearly a simple question of fact as is that of
whether or not the testator was of sound and disposing
mind when he executed the will, or whether he signed it.
at all, or whether or not he had been unduly influenced to·
sign it, or whether or not the attesting witnesses had
·signed it in the presence of the testator and of each other.,

Section 6783, How. Stat., provides that upon an appeal
from the probate court the circuit court—

"Shall proceed to the trial and determination of the·
question according to the rules of law; and, if there shall
·be any question of fact to be decided, issue may be joined
thereon under the direction of the court, and a trial,
thereof had by jury."

The fullest latitude has been given to this statute in
this State both by the profession and the courts, and the·
absolute right of a party to have all questions of fact in,
this class of cases tried by a jury was settled by this Court,
in *Grovier v. Hall,* 23 Mich. 11.   This rule has never·
·been seriously questioned in any of the numerous cases;
which have been in this Court for review, and we may;
well consider this right to be fully settled in this State.

The testator, in one clause of his will, after giving to·
his son, Theodore W. Stebbins, the sum of $500, also gave·
him the large family Bible, if he desired it, and, if not,.

then this clause states that it may be put into the hands of the granddaughter, Emily D. R. Stebbins. By another clause he gave his books and clothing to be divided among his brothers and their families, but gave the granddaughter referred to the privilege of selecting from them if it was her wish. It is insisted, because the testator thus mentioned the granddaughter in his will, that he did provide for her, within the meaning of the statute referred to, and that she is thereby, and as a matter of law, precluded from claiming to the contrary. We do not think so. There is nothing in the language of either of the clauses in which her name is written, nor in the character of the gifts thus conditionally bestowed, and which at most are to be treated as mere mementos, which, as a matter of law, in any way concludes her from claiming that the testator unintentionally or by mistake or accident omitted to provide for her. While it would undoubtedly be true that she would be concluded by the terms of the will itself, if the testator had made some provision for her of a substantial character, however insignificant it might be in amount, but which showed that he intended it as a provision, and not as a keepsake merely, yet we cannot hold as a matter of law that these trifling articles, whose only real value to the petitioner is based upon the fact that they are personal relics of the testator, and which were evidently so considered by him, if he gave any thought to it at all, are such a provision as is meant by the statute under which the petitioner in this case claims. On the contrary, it is a question to go to the jury with the other facts in the case, and from which they might determine, if they chose, that, the testator having remembered her even as he did, it was not his intention to do more for her, and that his failure to provide further for her was intentional.

It is also contended that the evidence in the case did

not warrant the jury in finding that the omission to provide for the petitioner was accidental or unintentional. Upon this point we are limited in our authority. The only question we can consider is whether there was any evidence at all submitted to the jury from which they could find as they did, and not whether that evidence is sufficient in amount or character to satisfy us. The jury were the sole judges of the weight to be given the testimony, and they alone were entitled to decide upon whether a preponderance of the proof was with the petitioner.

There was testimony in the case in reference to the circumstances attending the making of the will; the relationship and condition of the parties; the affection existing between them; the extent and frequency of their visits and correspondence; the age of the testator; his mental and physical condition, as evidenced not only by the will itself, and by the peculiarity of some of its provisions, but also by his feeble condition about the time the will was made, and his death shortly afterwards. This class of testimony was all competent for the jury to consider, and from it they had a right to determine the questions submitted to them by the court. The relation of the testator to the objects of his bounty and to this granddaughter, as well as his intelligence, his mental and physical condition, and the circumstances connected with the making of the will, are all proper matters for consideration by the jury. *Buckley v. Gerard,* 123 Mass. 8; *Converse v. Wales,* 4 Allen, 512; *Ramsdill v. Wentworth,* 101 Mass. 125; *Peters v. Siders,* 126 Id. 135; *Prentis v. Bates,* 93 Mich. 234, and cases cited. And the omission to provide may be shown to be unintentional either by the terms of the will or by extrinsic parol evidence. *Wilson v. Fosket,* 6 Metc. 400.

The jury, therefore, having some evidence upon which to base their verdict, we have no right to disturb it, for we must hold in this case, and do hold, that the verdict

of the jury was not advisory merely, but conclusive upon the facts submitted to and decided by them.

It follows that the judgment must be affirmed, with costs.

LONG and GRANT, JJ., concurred with DURAND, J.

MONTGOMERY, J.  I agree fully with my Brother DURAND that it was competent to try the question presented in this case by a jury, and that the verdict of a jury stands precisely as in any civil case, and is conclusive in cases where the testimony offered has any legal tendency to support the conclusion reached.  But, in my opinion, there was not a *scintilla* of evidence which had a legitimate tendency to establish the fact that the intervener was omitted by mistake or accident.

It may be conceded that the contention of the learned counsel for the petitioner is correct, that the bequest of keepsakes to her does not amount to provision, within the meaning of the statute.  Does the mere failure to make such provision create a presumption that the testator omitted to make provision for her by accident or mistake? The language of the statute (section 5810, How. Stat.) ought to be a sufficient answer to this question.  The statute declares:

"When any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, *and* it shall appear that such omission was not intentional, but was made by mistake or accident, such child, or the issue of such child, shall have the same share," etc.

The statute does not, it seems to me, admit of a construction which shall dispense with a showing of either of the two requisites before one for whom provision is omitted shall be entitled to take.  These two prerequisites are: *First,* an omission to provide; *second,* that it shall be made to appear that the omission was by mistake.  The statutes in some of the other states, under which it has

been held that the burden of proof is placed upon those disputing the claim of the child omitted, differ from our statute in this very particular. Nor do the cases of *McCallum v. McKenzie*, 26 Iowa, 510, and *Railroad Co. v. Wasserman*, 22 Fed. Rep. 872, sustain the contention of intervener's counsel on this point. These are cases which deal with the rights of an heir born after the making of the will. It may well be held that a presumption would arise that the father would make provision for such child, and that the omission to make provision was not intentional. This presumption arises, not from conditions existing at the time the will is executed, but from a change in conditions occurring thereafter. How, then, shall it be made to appear that the omission was accidental, by merely showing, as in this case, that the deceased was friendly with petitioner; that they kept up a correspondence; that he was an old man, though mentally competent to make a will? If this be enough, then it becomes at once the province of juries to administer estates according to their own sense of right. This statute was not intended to abridge the rights of a man to do what he will with his own. On the contrary, where it is established by the probate of the will, as in this case, that the deceased is competent, and has in fact executed the will, the legal presumption is that the instrument expresses his wishes. This presumption can be overcome, not by showing what, according to some people's sense of right, would have been a proper disposition of the property, but by showing facts and circumstances which lead to a conclusion that the testator had other views or other purposes than those expressed, or did not have the purposes expressed in the will, but that by accident or mistake the provision for the child was omitted. This could, of course, be made to appear by declarations of the testator evidencing a purpose to provide for the omitted child, or by declarations

made after the will, showing that he supposed he had provided for such child; and perhaps in other ways. But it cannot, in my judgment, be done by simply showing a state of facts which would show it to have been eminently proper to provide for such child, without fixing a limitation upon the power of disposal of one's property by will which the statute gives no color for.

I think the finding of the jury should be reversed.

McGrath, C. J., concurred with Montgomery, J.