*In re* E. D. V. O'CONNOR *et al.* FOR AN OPINION.

PROVIDENCE—NOVEMBER 6, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Construction of Will.   Omission of Children as Beneficiaries.*

Gen. Laws R. I. cap. 203, § 22, provides: "When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake":—

*Held,* adopting the construction of a similar statute in Massachusetts, that an intentional omission could be shown by parol and need not appear in the will.

(2) *Adoption of Statutes.*

When a statute is adopted from another State which has already received judicial construction, it is to be presumed that it was adopted in view of such construction.

BILL IN EQUITY for the construction of a will.   Heard on bill and agreed statement of facts.

STINESS, J.   Gen. Laws, cap. 203, § 22, provides that when a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake.

The case stated raises the question whether such intention must appear in the will, or whether it may be shown by extraneous evidence.

The provision appears for the first time in our statutes in the section above mentioned, and it was evidently taken from Pub. Stat. Mass. cap. 127, § 21, where it has long been in force.

When a statute is adopted which has already received judicial construction, it is to be presumed that it was adopted in view of such construction.   *Miller* v. *Coffin,* 19 R. I. 164; Endlich. Interp. Stat. § 371, n. 80, 81.   See also *Sayles* v. *Bates,* 15 R. I. 342.

30

In Massachusetts it has been held that an intentional omission under this statute may be shown by parol. *Wilson* v. *Fosket*, 6 Met. 400 ; *Bancroft* v. *Ives*, 3 Gray, 367 ; *Converse* v. *Wales*, 4 Allen, 512 ; *Hurley* v. *O'Sullivan*, 137 Mass. 86. The reasons given for such a construction are (1) that it could never have been the intention of the legislature to restrain the unlimited power of devising by will, especially when the whole object could be accomplished by the gift to a child of a shilling ; (2) that the statute in its present form developed from a prior statute under which it had been held that the intention must be gathered from the will ; and (3) that, as the right of an omitted child does not arise under the will but by statute, parol evidence does not operate to contradict the will, but to prove a fact required to be established by statute.

In this State, under a statute providing that an after-born child not provided for in a will shall inherit in the same manner as if no will had been made, it was held in *Chace* v. *Chace*, 6 R. I. 407, that the claim of the child could not be resisted by proof that the omission was intentional. The opinion distinguished the case from *Wilson* v. *Fosket*, *supra*, upon the ground of the statutory proviso in Massachusetts, "unless it shall appear that such omission was *intentional*, and not occasioned by accident or mistake," and strongly intimated that under such a proviso parol evidence is admissible. Now we find the same provision in our statutes. Upon the ground, therefore, of presumptive legislative intent, supported, as it is, by satisfactory reasons for such construction and the significant adoption of the provision for an intentional omission, our opinion is that the fact of such intention may be proved by parol evidence. The agreed facts show an intention on the part of the testator not to make a bequest to Agnes G. Hanlon, and the executor is therefore authorized to pay the legacies according to the terms of the will.

*Edward D. V. O'Connor, Edmund S. Hopkins, and Franklin P. Owen,* for parties in interest.