## NOWLAND *v.* RICE'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTS—CONCLUSIVENESS OF ALLOWANCE.

   The order of the probate court allowing an administrator's first account, if not appealed from, is conclusive upon him, so that the second account should begin with the balance due on the first.

2. SAME—APPEAL FROM PROBATE COURT—TRIAL BY JURY.

   Disputed questions of fact on appeal from the probate court must, if either party so asks, be tried by jury.

3. SAME—QUESTIONS FOR COURT.

   On the hearing of an account in probate court, the propriety of

charges and investments by a guardian, and his compensation, and the allowance to administrators for services, rest with the probate judge or the circuit judge on appeal.

4. SAME—FINDINGS.
   The findings on the hearing of an administrator's account should state what items are allowed, and what rejected.

5. SAME—SETTLEMENT WITH HEIRS.
   Settlement with the heirs does not relieve an administrator from his duty to file an account and obtain a settlement with the probate court. The settlement only affects the matter of distribution.

Error to Wayne; Donovan, J. Submitted October 6, 1904. (Docket No. 30.) Decided November 9, 1904.

Moses R. Nowland, administrator of the estate of George Rice, deceased, appealed from the order of the probate court allowing his final account. To review the judgment rendered, the administrator brings error. Reversed.

The appellant was appointed administrator of the estate of George Rice, deceased, in November, 1887. On May 13, 1889, he filed an account. This account was heard by the probate court, passed upon, and allowed, with a balance due the estate of $338.72. He filed no further account until he was cited in February, 1901, to file another account. In accordance with that citation, he filed an account ignoring the first, and making a new one covering the time of the first account. He reported with his first account that a suit was pending in the circuit court which delayed his final account, and also that there were still some debts which he had been unable to collect. No appeal was taken from the order allowing that account. A hearing was had upon the second account, and the probate court found there was due from the administrator $542.68. From this order he took an appeal to the circuit court, where a balance was found due to the estate from him of $560. A jury was impaneled to try the case, and after it

had proceeded for some time the court discharged the jury, took additional testimony, and decided the case, making a written finding of facts and law.

*B. T. Prentis* and *S. W. Burroughs*, for appellant.

*Thomas Hislop*, for appellee.

GRANT, J. (*after stating the facts*). 1. There are 46 assignments of error, but it is unnecessary to state or discuss them. The order of the probate court allowing the first account, being unappealed from, is conclusive upon appellant. If he desired to dispute any of the findings of the court upon the items of that account, he should then have appealed. He cannot reopen it 12 years after it has been adjudicated, upon the assumption that it is erroneous. Parties interested in the estate had a right to assume that the account as allowed was correct, and to rely upon the order of the court as final. *Morton* v. *Johnston*, 124 Mich. 561.

The second account should have been commenced with the balance due upon the first, to which should have been added the receipts, if any, and credits for expenditures, if any. Disputed questions of fact on appeals from the decisions of the probate court must, if either party so asks, be tried by a jury. *Grovier* v. *Hall*, 23 Mich. 11; *In re Stebbins' Estate*, 94 Mich. 304.

It is established in *Gott* v. *Culp*, 45 Mich. 265, 276, that, under the statute (1 Comp. Laws, § 673), in a guardian's account, the propriety of charges and investments by a guardian and his compensation are things with which the jury cannot meddle.

In *Mower's Appeal*, 48 Mich. 441, it is held that the allowance to administrators for services rests with the probate judge or the circuit judge on appeal.

In *Re Pfeffer's Estate*, 117 Mich. 207, three items were in dispute—the compensation for the administrator, the amount allowed for services of his attorney, and the amount allowed for services of the commissioner on claims.

The question of the administrator's compensation was reserved by the court, and the other two questions submitted to a jury.

Among the findings of the circuit judge is the following:

"I find that a probate case on appeal is to be tried and determined on the same principles that would be administered by the probate court itself. That court, in adjusting accounts of administrators, is governed by broad principles of equity; and it is at all times competent for the administrator, unimpeded by technical rules, to show the fairness of his dealings, the real nature of his transactions, and to restrict the amount for which he should be held, liable to that which equity demands. Upon any other rule, he might be made to bear the burden of events for which he was in no degree responsible, and when he was acting in the most conscientious discharge of his duties; and I have not used any technical rule, but have made most liberal allowance I can conscientiously do towards the administrator. I have not found the administrator liable for the amount found by the probate court due the estate June 27, 1889, with interest to date, which would amount to between seven and eight hundred dollars, but have given him credit for various sums paid by him since, and made liberal allowance for his services, and still find him indebted to the estate in the amount of $560."

The court did not find what items he rejected and what he allowed. It is therefore impossible, upon this record, to determine whether the court disallowed items which belonged to the jury to determine. If the only item in dispute after the date of the first account were the extraordinary allowance of $100 as administrator, there would have been nothing for the jury to pass upon.

2. It is urged that the heirs had either expressly or impliedly assented to the action of the administrator in the settlement of the estate and the distribution of the funds. No receipts were taken, and no agreement evidenced by any writing. Some of the heirs dispute any such agreement, or any assent to discharge the administrator without filing an account. We think, under the appellant's own claim, he was not relieved from his duty to file his account

and obtain a settlement with the probate court. If he has settled with the heirs, that question will come up on the distribution of the estate. The sole object of this proceeding is to determine how much of the estate is still in his hands.

Judgment reversed and new trial ordered.

The other Justices concurred.