In re William H. H. Dugan's Estate.

Special Term at Rutland, November, 1936.

Present: Powers, C. J., Slack, Moulton, and Sherburne, JJ., and Jeffords, Supr. J.

Opinion filed January 5, 1937.

432

*Wm. S. Pingree* and *Fred B. Thomas* for the executor appellee.

*Gilbert F. Davis* and *Fenton, Wing & Morse* for the claimant appellant.

POWERS, C. J.   William H. H. Dugan, a man somewhat more than ninety years of age, died testate on June 19, 1934, having made a will on April 19, 1923, giving his entire estate (except a trifling gift to his grandson) to his son, Birnie L. Dugan.   When this will was made, the testator had another living son, Gilbert Dugan, the appellant.   This will was duly probated and established, and Birnie L. qualified as executor and administered the estate.   He presented his final account to the probate court and asked for a decree of distribution.   On the day appointed for the hearing thereon, Gilbert appeared before the court with counsel, and claimed that he was entitled to the same portion of the estate that he would have inherited if William had died intestate.   He predicated this claim on P. L. 2977 which reads as follows:   ''When a testator omits to provide in his will for any of his children, or for the issue of a deceased child, and it appears that such omission was made by mistake or accident, such child, or its issue, shall have the same share of the estate of the testator as if he had died intestate, to be assigned as in cases of intestate estates.''

Gilbert's claim was disallowed by the probate court, and he appealed.   A jury trial was had in the county court, and the only question there submitted was whether the omission of the testator to provide for Gilbert in his will was due to mistake or accident.   To this question, the jury returned an affirmative answer, and judgment was rendered accordingly.   Birnie L. excepted.

It is obvious that the burden of proof was on the claimant, Gilbert.   The language of the statute admits of no other

construction; for, unless it is made to appear (1) that he was left out of the will, and (2) that this omission was the result of an accident or a mistake, he has no standing in court. *Brown* v. *Brown,* 71 Neb. 200, 98 N. W. 718, 115 A. S. R. 568, 574, 8 Ann. Cas. 632.

■ ■ The purpose of the statute before us seems plain. It was passed to guard against the inadvertent and unintentional omission of children and their issue from the will of the parent or grandparent. Under it, a pretermitted child does not seek to defeat or amend the will itself. He does not seek to impeach it in any way. He seeks to have established a right unaffected by it. He does not seek a right under the will at all, but a right under the statute. *Wilson, Exr.* v. *Fosket,* 6 Metc. (47 Mass.) 400, 405, 39 A. D. 736; *Coulam* v. *Doull,* 133 U. S. 216, 33 L. ed. 596, 601, 10 Sup. Ct. 253.

■ Gilbert made use of the will as evidence that he was left out of it, and for that alone. He sought to bring himself within the statute my making it appear that this omission was due to accident or mistake. How could he do this except by evidence *aliunde* the will? If for this purpose one in his situation could prove this independent fact only by the will itself, the statute would be utterly useless in most, if not in all cases. The will in this case makes no mention of Gilbert. As evidence of accident or mistake it is completely colorless. If it had even mentioned his name, it would have disproved the fact of accident or mistake.

■ The admission of parol evidence at the trial on this issue is justified by the great weight of authority, including among other cases, *Whittemore* v. *Russell,* 80 Me. 297, 14 Atl. 197, 6 A. S. R. 200; *In re Foster's Will,* 118 Me. 67, 105 Atl. 812; *Brown* v. *Brown,* 71 Neb. 200, 98 N. W. 718, 115 A. S. R. 568, 572, 8 Ann. Cas. 632; *Wilson, Exr.* v. *Fosket,* 6 Metc. 400, 404, 405, 39 A. D. 736; *In re Estate of Stebbins,* 94 Mich. 304, 54 N. W. 159, 34 A. S. R. 345, 348; *Whitby* v. *Motz,* 125 Minn. 40, 145 N. W. 623, 51 L. R. A. (N. S.) 645, 649; *In re O'Connor,* 21 R. I. 465, 44 Atl. 591, 79 A. S. R. 814; note, 94 A. L. R. 209, wherein it is said that such evidence is held admissible in all the states except California; *Coulam* v. *Doull,* 133 U. S. 216, 33 L. ed. 596, 601, 10 Sup. Ct. 253.

■ But because the rule admits parol evidence in such cases, it does not follow that all such evidence could properly be re-

■

ceived. There is always for consideration the question of relevancy; and any fact or circumstance that would render Gilbert's theory the more probable, would be relevant and admissible. *State* v. *Vadney,* 108 Vt. 299, 187 Atl. 381, 382; *Gomez Co.* v. *Hartwell,* 97 Vt. 147, 155, 122 Atl. 461. On the contrary, any fact or circumstance that did not have that tendency, would be irrelevant and inadmissible. *Lewis* v. *Barker,* 55 Vt. 21, 22.

■ The claim is made that it was error to admit testimony that Birnie L. was appointed guardian of the testator several years before the will was drawn and that from that time on he (Birnie) had and exercised control over him. But at the time this evidence came in the only objection that had been made and the only exception that had been saved was that the evidence to establish the alleged accident or mistake must be found in the will and that no extraneous evidence was admissible. So as against that objection and exception this evidence was admissible, as we have already seen.

■ But the claimant was allowed to go further, and to give evidence tending to show that Birnie was unfriendly to Gilbert, and that he saw to it the testator knew why he disliked him. When the course of the examination of Birnie as a witness indicated what the examiner was after, counsel for the witness interposed a special objection on the ground that the evidence would be ''incompetent, irrelevant, and immaterial.'' This objection was overruled and an exception allowed. The testimony thus admitted was to the effect stated above. It should have been excluded. It was wholly unimportant what the feeling of the witness was toward his brother. This evidence had nothing whatever to do with the issue being tried, and was wholly irrelevant thereto. *Norton's Admr.* v. *Perkins,* 67 Vt. 203, 216, 31 Atl. 148, 149, wherein it was held error to allow the plaintiff to testify that he did not visit his father, the intestate, while he was at the defendant's, because he did not think the latter was ''a man of very good disposition, and he isn't a man I wish to associate with anyway.'' See, also, *Belock* v. *State Mut. F. Ins. Co.,* 108 Vt. 252, 185 Atl. 100, 102. The testimony was of a character well calculated to divert the attention of the jury from the real question they were to decide, and to prejudice them against Birnie and in favor of Gilbert.

When the testimony in regard to Birnie's informing his father of the nature of his trouble with Gilbert was offered, an-

other objection was interposed and an exception asked for "on the grounds stated." This was granted and we think that the course of the trial as shown by the transcript sufficiently indicates that everybody understood that the relevancy of the evidence was challenged. This evidence, too, was wholly irrelevant, and harmful and prejudicial in character.

These errors require a reversal.

■ At the close of the evidence, a motion for a directed verdict was made in Birnie's behalf, which was overruled, and an exception was saved. We find no error here. There was sufficient evidence tending to establish the claim of Gilbert to send the case to the jury, and this is so plain to us that we see no reason for analyzing it.

■ There was also a motion made to set aside the verdict based on alleged trial erorrs, which was properly overruled. *Woodsville Sav. Bk.* v. *Rogers,* 86 Vt. 121, 123, 83 Atl. 537.

*Judgment reversed and cause remanded.*