WILLIAM RAMSDILL & others *vs.* MARY WENTWORTH & another.

Evidence, either by the will itself or by parol, that a testator, who devised all his estate to his wife and her heirs, "understood that he had provided for his children by giving to his wife only a life estate in his property, and that after her death it would be equally divided between them," is sufficient to show that his omission to provide in his will for his children was not intentional, and was occasioned by accident or mistake, within the meaning of the Gen. Sts. c. 92, § 25, and therefore to entitle them to the same share of his estate as if he had died intestate.

PETITION by children of William Ramsdill, for partition of all the real estate left by him at his death. At the hearing in this court, before *Wells*, J., the following facts appeared:

The said William Ramsdill died in 1860, leaving a will by which, after directing payment of his funeral charges and just debts, he gave, devised and disposed of all his estate, real and personal, to his wife, Lucy L. Ramsdill, "to be held by her and her heirs forever, and to her and their sole and separate use," and appointed Thomas Wentworth, Jr., husband of his daughter Mary, to be his executor.

Lucy L. Ramsdill, who was the mother of the petitioners and of Mrs. Wentworth, after her husband's death conveyed to Mrs. Wentworth a parcel of the land left by him, and died in 1866.

The petitioners sought partition of all the estate left by their father, on the ground that no provision was made for them by his will.

" There was evidence tending to show that William Ramsdill understood that he had provided for his children by giving to his wife only a life estate in his property, and that after her death it would be equally divided between them.

" The court ruled that, if the testator omitted to provide for his children intentionally, for the reason that he supposed that the legal effect of his will, as written, would be to give a life estate only to his widow, and that upon her decease his children would by law be entitled to take the remainder in equal shares, that would not be such an accident or mistake as is contemplated by the Gen. Sts. *c.* 92, § 25 ; and awarded judgment for partition of such only of the lands described in the petition as had not been conveyed by the widow." The petitioners alleged exceptions.

*B. Dean & T. Dean*, for the petitioners.

*W. P. Harding*, for the respondents.

COLT, J. In the will of their father, provision is omitted to be made for the petitioners, and they are entitled, under the statute, to such share of his real estate as they would have taken if he had died intestate, unless it appears that the omission was intentional, and not occasioned by accident or mistake. Gen. Sts. *c.* 92, § 25. The omission may be shown to be intentional, and not the result of accident or mistake, both by the terms of the will and by extrinsic parol evidence. *Wilson* v. *Fosket*, 6 Met. 400. There is nothing in the will, except the fact of the omission, which indicates a purpose not to provide for them.

The respondents rely upon evidence tending to show that, in making his will, the testator understood that he had provided for his children by giving to his wife only a life estate in his property, and that after her death it would be equally divided between them. The will in terms gives all his estate to his wife, who was the mother of these petitioners, to be held by her and her heirs forever, to her and their sole and separate use. It

Ramsdill & others *v.* Wentworth & another.

is not quite clear, upon these exceptions, whether the evidence
was that he understood that the words of the will made provis-
ion for his children by giving them the remainder, subject to a
life estate in the wife, or only that they would take by law a
portion as intestate or undevised estate, either free from or sub-
ject to the life interest. Nor is it material, for a majority of the
court are of opinion that, in either aspect, the evidence does not
show such intentional omission to provide for them, free from
accident or mistake, as will deprive them of their share of his
estate under the statute. It shows that the omission was caused
by a mistake as to the legal effect of the will and its provisions.
It proves that he intended his children should share in his estate,
and acted under the mistaken idea, either that the will would
carry out his intention, or that it would not have the effect to
deprive them of every portion of his property. It does not dis-
close an intention not to provide for them. If the omission is
treated as an intentional act, yet it was occasioned by a mistake,
and is not within the excepting clause of the statute. The na-
ture of the mistake is not material. There is no distinction
between mistake of fact and mistake of law in this regard. If
the testator, in ignorance or mistake of law, supposed that he
had provided for them by the terms used in his will, then his
failure to name them, or to use apt words of devise to them,
cannot, within the meaning of the statute, be regarded as an in-
tentional omission. If he purposely omitted them, thinking that
the will left any part of the estate undevised, which would go
to them, he was acting under mistake.

The operation of the statute is peculiar, but there is no viola-
tion under it of the rules of evidence. The only issue is,
whether provision was omitted in the will by design, and with-
out mistake or accident. Parol evidence is admitted, although
the result may change or modify the disposition of the testator's
estate. The will is used to show that there is no legacy under
it; and however the issue may be established, there is no con-
flict with its terms. *Bancroft* v. *Ives*, 3 Gray, 367. *Converse* v.
*Wales*, 4 Allen, 512. *Lorings* v. *Marsh*, 6 Wallace, 337.

The successive statutes upon this subject are substantial reën-

actments of the early provincial statute of 12 Wm. III. *c.* 4 , Anc. Chart. 351 ; 1 Prov. Laws, (State ed.) 429, 430. The later enactments add the force of positive law to the judicial construction which had long been put upon that act. The preamble and other provisions of it have always had a just influence upon the construction of the existing law. It provides for posthumous children ; for children who have no legacy given them, and who have not had an equal portion of the father's estate in his lifetime ; and for widows who were married after the making of the will. It recites in the preamble, the anguish of the testator, or his solicitous intention, though in health, or the oversight of the scribe, as among the causes of the omission in the will ; many children also being born after the making of the will, and in the lifetime of their parents. The clear intent of the statute is, that none of these shall be excluded from a share in the estate, on the ground that they are left out of the will, unless it is made to appear, as to children, that it was the intelligent, intentional act of the testator. Mistake and ignorance on his part, and the oversight of the scribe, are alike grounds of relief.

*Exceptions sustained.*