## MARY D. K. BUCKLEY & another *vs.* JAMES W. GERARD & others.

Suffolk.     April 2.—June 26, 1877.     COLT & SOULE, JJ., absent.

Oral evidence that a testatrix, who devised all her estate to her husband, was a woman of great intelligence and capacity, that she was very fond of her children, who were of tender age and never separated from her, that she had great affection for and the most perfect confidence in her husband, and that he was very devoted to her, is admissible, and will justify a finding that her omission to provide in her will for her children was intentional and not occasioned by accident or mistake, although no declaration of the intention of the testatrix appears.

PETITION by Mary D. K. Buckley and Julian G. Buckley, minor children of Juliette A. Buckley, appearing by their next friend, for partition of a parcel of land in Boston, of an undivided third part of which their mother Juliette A. Buckley died seised. Katharine L. Buckley, the step-mother of the petitioners, was the only respondent who appeared.

At the trial in this court, before *Endicott*, J., without a jury it appeared that Mary D. K. Buckley was born on July 2, 1860

that Juliette by her will, dated January 4, 1864, devised and bequeathed all her property to her husband, Thomas C. T. Buckley, and made no mention of her child; that in April, 1866, Juliette inherited the land in question from her mother; that on July 3, 1866, Julian G. Buckley was born; and that his mother died on July 27, 1866, without altering her will or otherwise providing for her children during her life; that subsequently Thomas C. T. Buckley married the respondent Katharine L., and by a codicil to his will gave to her the income of all the property acquired by him under the will of his first wife, until his children should severally come of age or until the death of his wife, whichever should first happen.

The respondent, against the objection of the petitioners, introduced the following evidence:

James W. Gerard testified that he was a lawyer of over twenty-five years' standing at the New York bar, and was the brother of Juliette A. Buckley; that Thomas C. T. Buckley was a lawyer of good standing in his profession; that at the time Mrs. Buckley's will was made, she and her husband and their child, the petitioner Mary, lived together, and that he did not think they were ever separated; that she was an affectionate mother, and appeared very fond of her child, and never lived apart from her; that there appeared to be affection and confidence between her and her husband; and that Thomas C. T. Buckley was acute and shrewd and able, and very familiar with all business relating to property and rights of property.

James Thomson, the next friend of the petitioners, testified that he was a lawyer of twenty-eight years' standing at the New York bar; that he had known Thomas C. T. Buckley since early life, and became acquainted with Mrs. Buckley after their marriage; that Mr. Buckley was a lawyer, and his standing was very high and prominent; that they had one child in January, 1864; that he did not think they were ever separated from each other or from the child; that they never lived apart, and if at all separated it would be by some temporary journey; that Mrs. Buckley was of high character as to intelligence and mental capacity; that she was devoted to her child and very fond of her, and they never lived apart; that she seemed to be devoted to her husband and to trust to his honor and ability, that they

appeared to entertain for each other mutual affection and confidence; that as a business man and manager of property Mr. Buckley's character was of the very highest; that he was able, shrewd, prudent and economical.

Dr. Fordyce Barker testified that he was a physician in New York, and had practised his profession thirty-five years; that he became acquainted with both Mr. and Mrs. Buckley soon after their marriage, and his acquaintance continued during their lives; that he saw them frequently and intimately, and was their family physician during their respective lives; that Mrs. Buckley's daughter lived with her in January, 1864, and they never were separated; that she was remarkably affectionate and devoted to her daughter; that Mr. and Mrs. Buckley were remarkable for their entire affection and devotion to each other; that he believed, from his observation as her family physician, that there existed the most perfect confidence and affection between them; that he should say she was a devoted wife and trusted in his honor and ability, and that Mr. Buckley was a man to inspire and deserve such confidence, devotion and trust; that he always regarded Mrs. Buckley as a person of very superior intelligence; and that he knew nothing of her as to her knowledge of business matters, but she was a very keen observer.

Upon the foregoing facts and evidence the petitioners contended that they were entitled to one undivided third of the land in question under the Gen. Sts. c. 92, § 25; and the respondent contended that it sufficiently appeared that the omission by the mother to provide for the children was intentional and not occasioned by accident or mistake.

The judge found as a fact that the omission by Juliette A. Buckley to provide for her children in her will was intentional, and not occasioned by accident or mistake, and reserved the case for the determination of the full court upon certain questions, of which the following only need now be stated: Whether said evidence, admitted against objection, was admissible; and whether the facts and admissible evidence herein reported were sufficient in law to warrant such finding of fact as to the intention of Mrs. Buckley. Such disposition of the case was to be made by the full court as law and justice might require.

*T. P. Proctor*, for the petitioners. The Gen. Sts. *c.* 92, § 25, provide that "when a testator omits to provide in his will for any of his children, or for the issue of a deceased child, they shall take the same share of his estate, both real and personal, that they would have been entitled to if he had died intestate; unless they shall have been provided for by the testator in his lifetime, or unless it appears that such omission was intentional, and not occasioned by accident or mistake." Under this statute the burden of proof is on a person, claiming under a will, to show that the omission was intentional. *Ramsdill* v. *Wentworth*, 106 Mass. 320. In this case it appeared that one of the children was born a long time after the will was made and but a few days before the mother's death; and the land in question was only inherited by the testatrix a short time before her death. The evidence of the respondent shows no act or statement of the testatrix bearing upon the question of intention. It merely shows that she and her husband lived harmoniously and that both were intelligent. If true, it was as consistent with non-intention as intention, but did not tend to prove either, and was inadmissible. *Bancroft* v. *Ives*, 3 Gray, 367, 371. In the only cases in this Commonwealth, in which extrinsic evidence has been held to be competent to show an intention to omit a child, the positive declarations of the testators appeared. *Wilson* v. *Fosket*, 6 Met. 400. *Converse* v. *Wales*, 4 Allen, 512.

*W. G. Russell & G. Putnam, Jr.*, for Katharine L. Buckley, were not called upon.

MORTON, J. The justice, before whom this case was heard, without a jury, has found as a fact that the omission by Juliette A. Buckley to provide for her children in her will was intentional and not occasioned by accident or mistake. This is decisive against the petitioners, if such finding was justified by the evidence.

The parol testimony admitted, tending to show the intelligence of the testatrix and her relations to her husband and her children, at the date of the will and to the time of her death, was clearly competent. *Converse* v. *Wales*, 4 Allen, 512. *Ramsdill* v. *Wentworth*, 101 Mass. 125.

The will of Mrs. Buckley makes no mention of her children and gives her whole estate to her husband. But it cannot fairly

be interred from this that she omitted to prc vide for her children unintentionally and by accident or mistake.

It appeared in evidence that she was a woman of great intelligence and capacity, that she was very fond of her children, who were never separated from her, that she had great affection for and the most perfect confidence in her husband, and that he was very devoted to her. Considering the affection and respect she felt for her husband, and the tender age of her children, it was not unnatural or unreasonable that she should leave her estate to him, trusting to his known affection to support and educate their children and to make suitable provision for them by his will.

To assume that she unintentionally omitted to provide for the child living when the will was made, is to assume that she forgot that she had a child, which is incredible. Taking all the evidence in this case, without referring to it more minutely, it seems to us clear that it justified the presiding justice in finding that the omission to provide for the petitioners, in the will of their mother, was intentional and not by accident or mistake.

This view makes it unnecessary to consider the other questions presented in the report. *Judgment for the respondents.*