## MARY E. HURLEY *vs.* EDWARD C. O'SULLIVAN.

Middlesex.    Jan. 15. — March 1, 1884.    C. ALLEN & HOLMES, JJ., absent.

On a petition for partition, if the petitioner's right to recover depends upon the trial of the issue whether his omission from his father's will was intentional, he is entitled to open and close.

No exception lies to the refusal of the judge presiding at a trial to rule, at the close of the plaintiff's evidence, upon the weight and sufficiency of that evidence, or whether he has made out a *prima facie* case, if the defendant does not rest his case upon such evidence.

Under the Pub. Sts. c. 127, § 21, if the omission of a child from his father's will is intentional, although the testator would not have entertained such intention but for a mistake as to the legal effect of matters outside of the will, the child is not entitled to a proportionate share of the estate.

PETITION, filed December 11, 1882, for partition of a parcel of land in Winchester. At the trial in the Superior Court, before *Barker*, J., the jury returned a verdict for the petitioner; and the respondent alleged exceptions, which appear in the opinion.

*C. A. Prince*, for the respondent.

*W. E. Jewell*, for the petitioner.

DEVENS, J. 1. Although the burden of proof was on the respondent to show that the omission of the petitioner from her father's will was intentional, yet this did not give him the right to open and close. The petitioner still had the affirmative of the averments necessary to bring her case within the provisions of the statute, and that which the respondent sought to establish was matter in avoidance only. *Ramsdill* v. *Wentworth*, 106 Mass. 320. *Dorr* v. *Tremont National Bank*, 128 Mass. 349, 358.

2. The respondent was not entitled to the two rulings requested at the close of the petitioner's evidence. Without

discussing them in any other respect, he did not propose to submit the case finally upon that evidence. Unless he did so, he could not require the judge to express an opinion upon the weight and sufficiency of the petitioner's evidence, or whether he had or not made out a *prima facie* case. The refusal of the judge to rule in accordance with his request, at this stage of the case, does not afford him any ground of exception. *McMahon* v. *Tyng*, 14 Allen, 167. *Bradley* v. *Poole*, 98 Mass. 169. *Wetherbee* v. *Potter*, 99 Mass. 354. *Smith* v. *Westfield National Bank*, 99 Mass. 605. *Kingsford* v. *Hood*, 105 Mass. 495.

3. There was evidence that the testator, at some time previously to the execution of his will, delivered to the petitioner the deed by which he held the title to what was known as " the Lake Avenue house and lot," the insurance policy thereon, and the key thereof, stating that he made her a present of it; and that she and her husband moved into it, with the knowledge of the testator, and resided there until after his death. Upon this evidence, and against the exception of the respondent, the presiding judge instructed the jury, that, if they found that the testator omitted to provide for the petitioner in his will because he supposed when he made it that he had given her a good title to the Lake Avenue house and lot, " and that, if it had not been for this supposition, he would not have omitted to provide for her in the will, this supposition is a mistake in law, and the omission is not an intentional omission in the sense of the statute, since it was not free from mistake, and is not such an intentional omission as will deprive the petitioner of her share of the testator's estate under the statute."

The Rev. Sts. *c.* 62, § 21, provided that, " when any testator shall omit to provide in his will for any of his children, or for the issue of any deceased child, they shall take the same share of his estate, both real and personal, that they would have been entitled to if he had died intestate, unless they shall have been provided for by the testator in his lifetime, or unless it shall appear that such omission was intentional, and not occasioned by any mistake or accident." This section has been reënacted in the Gen. Sts. *c.* 92, § 25, and in the Pub. Sts. *c.* 127, § 21, with alterations of so purely verbal a character that they need not be considered. The history of this provision has been several times

carefully traced in our decisions. *Wilson* v. *Fosket*, 6 Met. 400.
*Bancroft* v. *Ives*, 3 Gray, 367. It has some bearing upon the
inquiry presented by the case at bar, whether an omission is to
be treated as intentional when the testator actually intended to
do that which he did, namely, omit the name of a child, but was
induced to do so by reason of a mistake made by him as to the
legal effect of an act which he had before done. The St. of
1783, *c.* 24, § 8, had directed that any child, or his legal repre-
sentatives in case of his death, not having a legacy given him by
will, should have a proportion of the estate assigned to him, if
not advanced. This statute had been construed by a series of
decisions to exclude a child, even if he had no legacy given him,
when he had been mentioned under such circumstances as to
show that he was omitted from the will intentionally. *Terry*
v. *Foster*, 1 Mass. 146. *Wild* v. *Brewer*, 2 Mass. 570. *Church* v.
*Crocker*, 3 Mass. 17. *Wilder* v. *Goss*, 14 Mass. 357.

This construction had been put on two grounds : first, that it
could not have been intended to restrain the unlimited power of
devising by will when the whole object could be accomplished
by the legacy of a shilling ; and secondly, that the St. of 1783
was but a revision of the Prov. St. of 1700-1 (12 Will. III.)
*c.* 4 ; 1 Prov. Laws (State ed.) 430 ; modified by a subsequent
provincial statute extending the rule to grandchildren. The
first of these statutes contained the following preamble or re-
cital : " Whereas, through the anguish of the deceased testator,
or through his solicitous intention though in health, or through
the oversight of the scribe, some of the testator's children are
omitted and not mentioned in the will, many children also being
born after the making of the will, though in the lifetime of their
parents." This recital, it had been held, should be treated as
if it were a part of the St. of 1783. It was not the intention of
the commissioners who reported this section, or of the Legisla-
ture, to alter, by the adoption of the section in the Revised Stat-
utes, " but only to give effect to, the old statute of 1783, and to
affirm and give the authority of positive law to the construction
which had been put upon it in several cases." The effect of
the law is, says Chief Justice Shaw, " that a child shall have a
share as in case of intestacy, if the testator, at his decease, shall
have made no devise to him and given him no legacy, unless it

appear that such omission was intentional, and not accidental." *Bancroft* v. *Ives*, *ubi supra*. The object of the Rev. Sts. c. 62, § 21, was to guard the testator in his clear right to disinherit one of his children by his omission to mention him, if he intended to do so ; but, as there might be momentary and accidental forgetfulness, owing to the distress of the testator, or mistake in reducing his intentions to writing, the expression and not by "mistake or accident" is introduced to enforce the meaning of the word "intentional," which is the governing word. The words "mistake or accident" are not to be construed as meaning such mistakes or accidents as would or might have caused the testator to entertain a different intention from that which omission from the will would show, but mistake or accident in the expression of the will or in its transcription. It was not intended to state two contingencies in which the omission from the will would operate to deprive the child of his share ; namely, where the omission was intentional, and also where, but for a mistake or accident, the testator would not have done that which he intended to do, and actually did ; but one only. The force of the word "accident" is not materially added to by the word "mistake," which must refer to errors such as are liable accidentally to occur in the preparation of a will, and not errors as to matters outside the will. To set aside a will which actually expresses that which the testator intended, because he acted under erroneous views of the law as applicable to his children and his or their property, is to give a significance to the word "mistake" which the history of the legislation, the language used therein, and the reason of the matter, alike show was never contemplated. If the action of a testator is thus to be reviewed when it can be proved to the satisfaction of a court or jury that he acted under a mistake of law, it must equally be open to revision when they can be satisfied that he acted under a mistake of fact. If, therefore, he has intentionally excluded one son because he thought him a spendthrift or a profligate, or another because he thought him wealthy, and thus not in need of his bounty, and these shall appear upon a trial to have been errors, the children will, upon this theory, receive their proportionate shares of the estate from which the testator had excluded them.

The answer to an inquiry as to what a testator would have done, had certain facts, or the law upon certain facts, appeared otherwise than as they did to him, and as they appear afterwards to a jury, is too speculative and problematical to afford a safe ground of action. If a court and jury acted under better information as to facts, or under wiser views of the law, than the testator possessed, it would without doubt be within the power of the Legislature to provide that they might ·cause the will to be set aside, so far as the effect of the intentional omission of a child was concerned; but it certainly would do so in very clear terms, as such legislation would materially interfere with the right which testators have heretofore had to exercise their own judgment as to all matters connected with the final disposition of their property.

The corresponding sections of the Revised Statutes and of the General Statutes have been before the court several times since their enactment, upon other questions than those here discussed. *Wilson* v. *Fosket, ubi supra.* *Bancroft* v. *Ives, ubi supra.* *Converse* v. *Wales,* 4 Allen, 512. *Prentiss* v. *Prentiss,* 11 Allen, 47. *Wilder* v. *Thayer,* 97 Mass. 439. *Ramsdill* v. *Wentworth,* 101 Mass. 125. *Buckley* v. *Gerard,* 123 Mass. 8. *Peters* v. *Siders,* 126 Mass. 135. It is not important to remark upon these cases, except to say that in none does it appear that any mistake or accident dehors the will was ever suggested as entitling a child who had been intentionally omitted to his distributive share.

We are of opinion that the construction of the section of the statute in question must be, that, if the omission of a child is intentional, although it be proved to the satisfaction of the court and jury that the testator would not have entertained that intention but by reason of mistake or accident as to matters outside the will, the child is not entitled to a proportionate share of the estate. *Exceptions sustained.*