VICTORIA A. HOWARD *vs.* PRISCILLA K. SMITH & others.

Barnstable.     March 11, 1924. — June 13, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Will,* Omitted devisee. *Devise and Legacy. Partition. Probate Court,* Appeal.

The owner of certain real estate devised it " to my wife . . . and her heirs." At his death he left surviving him his wife and five children by a former marriage. One of the children, relying on R. L. c. 135, § 19, petitioned for partition of the real estate by the setting off of a one third share to the widow and a two fifteenths share to each of the children. The judge of probate found that the failure of the testator to provide for his children was not intentional but was occasioned by accident or mistake. It appeared that previous to the making of the will the testator had a conversation with a step-daughter in which he stated he did not intend to give his children anything, " That place belongs to your mother " ; that the widow had to go out nursing to support the testator. By

order of the judge of probate, a decree was entered granting partition as prayed for in the petition. The widow appealed. *Held*, that

(1) The purpose and intention of the testator must be ascertained from the language of the will construed with reference to the subject matter and all the attendant circumstances which were known to him;

(2) The judge's finding was open to review on appeal;

(3) The construction of the will contended for by the petitioner would require an assumption that the testator intended to devise the homestead to his wife and children to hold as tenants in common, but unintentionally forgot the children and gave her the fee;

(4) The petitioner had failed to establish the material averments of her petition, that she held as a tenant in common an undivided part of the real estate in question;

(5) The decree must be reversed and a decree entered dismissing the petition.

PETITION, filed in the Probate Court for the county of Bristol on September 6, 1922, for partition of real estate; the petitioner alleged that the owners of the real estate in common were Priscilla K. Smith, widow of William Smith late of Chatham, and the petitioner and four other children of William Smith, and sought a partition, one third to the widow and two fifteenths to each of the children.

The petition was heard by *Hopkins*, J. Material findings by the judge are described in the opinion. A decree was entered by order of the judge granting the petition. The widow appealed.

*F. J. Good*, for the respondent.

*E. S. Underwood*, for the petitioner.

BRALEY, J. The testator by his will dated June 4, 1906, which was duly admitted to probate August 14, 1906, devised " my homestead house and land situated in Chatham . . . to my wife, Priscilla K. Smith and her heirs." At his death the devisee with three daughters and two sons, children of the testator by his first marriage, survived. Victoria A. Howard, one of the daughters, brought on September 6, 1922, a petition in the court of probate for partition of the premises in which the widow, the sons and the other two daughters are made respondents. A decree for partition having been ordered, the case is here on the widow's appeal.

The claim of the petitioner is, that she is entitled as an heir at law to two fifteenths under R. L. c. 135, § 19, then

in force, which provided that "If a testator omits to provide in his will for any of his children . . . they shall take the same share of his estate which they would have taken if he had died intestate, unless they have been provided for by the testator in his lifetime or unless it appears that the omission was intentional and not occasioned by accident or mistake." The petitioner not having been provided for by the testator in his lifetime and not having been named in the will, the only question is whether the omission was intentional. *Woodvine* v. *Dean,* 194 Mass. 40, 41. *Wilson* v. *Fosket,* 6 Met. 400. *Converse* v. *Wales,* 4 Allen, 512.

The judge of probate has found as a fact, that the failure of the testator to provide for his children was not intentional, but was occasioned by accident or mistake. The uncontradicted parol testimony showed that, prior to the date of the will, the testator had a conversation with his step-daughter Mrs. Panno in which he said, " 'They (meaning Victoria A. Howard) tried to get me to make a will in their favor.' I said, ' Did you? ' and he said, ' No.' ' I don't intend to give them anything. That place belongs to your mother.' " The widow testified, " that she had to go out nursing to help support " the testator, " and that Mrs. Panno helped them with money and otherwise." The testator might have created a life estate for his wife with remainder to his children. But the testator read the will before signing. The devise itself is specific, " I give and devise my homestead house and land situated in Chatham . . . to my wife, Priscilla K. Smith and her heirs," which apparently was all the property he had. The construction of the will contended for by the petitioner leads to the assumption that the testator intended to devise the homestead to his wife and children to hold as tenants in common, but unintentionally forgot the children and gave her the fee. In the words of Mr. Justice Morton speaking for the court in *Buckley* v. *Gerard,* 123 Mass. 8, 12, " To assume that . . . [the testator] unintentionally omitted to provide for the child living when the will was made, is to assume that she forgot that she had a child, which is incredible." The purpose and intention of the testator must

be ascertained from the language of the will construed with reference to the subject matter, and all the attendant circumstances which were known to him. The only home of himself and of his wife was the homestead where they lived. The children are shown by the petition for admission of the will to probate, which forms part of the record, to have been living elsewhere than in Chatham, and that all the daughters were married.

The judge's finding is open to review on appeal. *Covell* v. *Chadwick,* 153 Mass. 263. *Emery* v. *Emery,* 218 Mass. 227, 228. And for reasons sufficiently stated we are satisfied that the petitioner failed to establish the material averments of her petition, that she holds as tenant in common an undivided part of the " homestead house and land." *Hurley* v. *O'Sullivan,* 137 Mass. 86. *Goff* v. *Britton,* 182 Mass. 293, 295, 296.

The decree must be reversed, and a decree is to be entered dismissing the petition.

*Ordered accordingly.*