FRED RYALLS vs. RUTH SAYLES & another.

Bristol.    October 26, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Devise and Legacy*, Omitted child.    *Probate Court*, Appeal.

At a hearing of a petition by a son of a testator omitted from the provisions
of his father's will, claiming a share in the estate on the ground that
he was omitted from the will unintentionally within the provisions of
G. L. c. 191, § 20, it appeared that the relations of the father and son
were friendly; that the father, while he had lost ground physically and
mentally for a year before his death, was able to conduct his own affairs,
and when the will was executed was competent to transact business;
that he saw his son and conversed with him a few weeks before the will
was signed; and that he made his will four days before he died, leaving
his estate to a niece in England.    The evidence was not reported.    The
judge found that the omission of the son from the will was intentional.
On an appeal by the son, it was *held*, that
   (1) It could not be assumed that the testator forgot that he had a son
or that he unintentionally omitted to provide for him;
   (2) It could not be said that the findings by the judge were plainly
wrong.

PETITION, filed in the Probate Court for the county of
Bristol on January 20, 1925, seeking under G. L. c. 191,
§ 20, a distributive share of the estate of James H. Ryalls,
late of Fall River, on the ground that the petitioner was a son
unintentionally omitted from the will.

In the Probate Court, the petition was heard by *Hitch*, J.
Material facts found by the judge are described in the opinion.
By order of the judge, the petition was dismissed.    The
petitioner appealed.

*A. E. Seagrave*, for the petitioner.

*D. C. Law*, for the respondent Sayles.

CARROLL, J. The will of James H. Ryalls was executed
May 20, 1924; he died four days later.    In this will, the
petitioner, who is the testator's son, was not mentioned.
All of the estate was left to a niece of the testator residing
in England.    The petition alleges that because the testator
"omitted to provide for your petitioner" there should be

assigned to him the share of the estate to which he would be
entitled if his father had died intestate. The respondent
contends that the omission to provide for the petitioner was
intentional and not occasioned by accident or mistake.

The evidence is not reported. The report of the judge
recites that the petitioner lived with his parents until he
was twenty-five years of age, when he married. Before
his marriage the father made presents to him, paid his
tuition at a commercial school, and upon the marriage gave
him some money. The petitioner was always on good terms
with his father and they met occasionally. The father did
not recognize people readily. For a year before his death
he lost ground physically and mentally, but was able to
conduct his own affairs, and when the will was executed was
competent to transact business. In 1922 he made a will;
the lawyer who drew this will asked the testator "if he had
any issue and the testator replied that he had none. He then
made no mention of his son in this will, and left his property
mostly to a church." The same lawyer also made the will
executed May 20, 1924, "and having in mind that the testa-
tor had formerly stated to him that he had no issue, when
he drew the last will did not ask him again if he had children
or issue."

It was found by the judge that the petitioner saw his father
three weeks before he died; that they conversed, and there
was nothing in the conversation indicating any mental weak-
ness on the part of the father. It was also found that the
testator's estate amounted to about $6,000; that the testator
had not forgotten his son when the will was made; and that
his omission to mention him in the will was intentional.

So far as material, G. L. c. 191, § 20, provides that "If a
testator omits to provide in his will for any of his children
. . . they shall take the same share of his estate which they
would have taken if he had died intestate . . . unless it
appears that the omission was intentional and not occasioned
by accident or mistake." The findings of the judge that the
omission of the son from the will was intentional will not be
set aside unless clearly wrong. *Hayes* v. *Penn Mutual Life
Ins. Co.* 222 Mass. 382, 386. *Fenelon* v. *Fenelon,* 244 Mass.

14, 17. See *Drew* v. *Drew,* 250 Mass. 41, 44. The testator saw his son and conversed with him a few weeks before the will was signed. Their relations were friendly. The testator was competent to make a will, he was able to transact business, he talked rationally, and must be presumed to have understood what he was doing. It cannot be assumed that he forgot that he had a son or that he unintentionally omitted to provide for him, and we cannot say that the findings of the judge were plainly wrong. *Buckley* v. *Gerard,* 123 Mass. 8. *Howard* v. *Smith,* 249 Mass. 522.

*Decree affirmed.*