MABEL S. DRAPER & others *vs.* WILLIAM W. DRAPER.

SAME *vs.* SAME.

Middlesex.      November 15, 1928. — June 5, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Appeal, Rehearing, Findings by judge. *Devise and Legacy*, Omitted child. *Evidence*, Presumptions and burden of proof.

It is a matter within the sound discretion of a judge of probate whether a decree entered on a petition in equity shall be vacated and the petition heard anew.

No error of law appeared in the denial of a motion for such a rehearing based upon newly discovered evidence which merely was cumulative.

At the hearing of a petition in equity in a probate court by the executor and legatees under a will, seeking to have determined whether the omission from the will of the respondent, a son of the testator, was intentional and not occasioned by accident or mistake within the meaning of G. L. c. 191, § 20, a stenographer was appointed under G. L. c. 215, § 18. The will contained no mention of nor allusion to the respondent. The judge found that the son had left home forty years before the will was made; that the testator had not heard of him for about thirty-five years before that time; that he had been mourned by the testator; that no provision had been made for him during the testator's lifetime; and that the omission of him from the will was not intentional, but was occasioned by accident or mistake. A decree to that effect was entered. Upon appeal by the petitioners, it was *held* that

(1) It was the duty of this court to examine the evidence and decide the case upon its own judgment, giving due weight to the findings by the judge of probate, which must stand unless clearly wrong or based upon error of law;

(2) The burden of proof was upon the petitioners;

(3) The mistake or accident contemplated by the statute is confined to a mistake or accident in the expression of the will or its transcription frustrating an intent to make provision for a certain child or issue of a deceased child; following *Hurley* v. *O'Sullivan*, 137 Mass. 86;

(4) Notwithstanding that a conclusive presumption of the respondent's death was not required, and irrespective of whether the petitioners had failed to sustain the burden of proving that the testator believed the respondent to be dead, the will showed that the testator intended to omit provision for all persons except the legatees named therein: the evidence did not warrant a finding that the testator had an intent to make a gift to the respondent which was frustrated by error in the expression or transcription of the will;

(5) Upon the evidence, a finding was required that the omission to provide for the respondent was intentional and not occasioned by accident or mistake within the meaning of the statute;

(6) The decree was reversed.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on March 14, 1927, and afterwards amended, by the executor of and legatees under the will of Annie W. Draper, late of Wayland, seeking to have determined whether the omission of the respondent from the will was intentional and not occasioned by accident or mistake.

The petition was heard by *Leggat*, J., a stenographer having been appointed under G. L. c. 215, § 18. By order of the judge, a decree was entered to the effect that

the omission of the respondent was not intentional but was occasioned by accident or mistake. The petitioners appealed. Material facts found by the judge under G. L. c. 215, § 11, and proceedings relative to a motion by the petitioners for a rehearing of the petition, are described in the opinion.

*J. L. Harvey,* for the petitioners.

*W. W. Clarke,* (*J. G. Schumb* with him,) for the respondent.

WAIT, J. "If a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate which they would have taken if he had died intestate, unless they shall have been provided for by the testator in his lifetime or unless it appears that the omission was intentional and not occasioned by accident or mistake." G. L. c. 191, § 20.

The testatrix, who died in 1923, by her will made in August, 1922, gave all her property, real and personal, to her daughter-in-law, widow of her son Ernest, outright, except a savings bank deposit which was given to her in trust for Ernest's minor children. The will was allowed and, within a few months, the executor paid over all but a small balance of the estate.

More than three years thereafter the executor received notice from a son of the testatrix inquiring about his share in his mother's estate. No provision had been made for him in her lifetime. The will contained no mention of nor allusion to him. He had gone away from her home in 1882 in part because he had not been pleased when, in 1877, she had married for a second time. He had not written to her since about 1885; he had not been heard of by her for thirty-five years before her death; and he had been mourned by her. Under the statute quoted, he was entitled to one half of her estate, unless the omission to provide for him in her will appeared to be "intentional and not occasioned by accident or mistake."

The daughter-in-law for herself and as guardian of her minor children, and the executor joined in a petition to the Probate Court to determine whether the omission of the son

from the will was intentional and not occasioned by accident or mistake. The court, after hearing, entered a decree that the omission was not intentional, and was occasioned by accident and mistake. An appeal was claimed.

Thereafter the appellants filed a petition that the decree be vacated and further evidence be heard, accompanied by affidavits of evidence alleged to be newly discovered. This petition was denied, and appeal was claimed.

Both appeals are now before us, with a report of the findings of the judge and of the evidence.

There is no merit in the second appeal. Whether or not to reopen the decree rested in the sound discretion of the judge of probate. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482. No error of law appears in the denial. The evidence set out by the affidavits, even if it were newly discovered, was only cumulative. The judge properly could decide that it would not change his findings.

The other appeal presents more difficulty. As we interpret the report, the judge did not decide merely that the burden had not been sustained and rest his decision thereon; but made further findings upon the evidence that the omission was not intentional and was occasioned by accident or mistake. All the evidence is reported. The judge's findings are open to review. *Howard* v. *Smith*, 249 Mass. 522. *Emery* v. *Emery*, 218 Mass. 227, 228. The appeal is to be heard and determined by us, as in an appeal in equity. G. L. c. 215, § 9. It is the duty of this court to examine the evidence and decide the case upon its own judgment, giving due weight to the findings of the judge who saw the witnesses, and not to reverse those findings unless they are plainly wrong. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 144. As he saw and heard the witnesses, his findings will not be disturbed unless we think them clearly wrong or based upon some error of law. *Ryalls* v. *Sayles*, 254 Mass. 63. He was right in ruling that the burden of proof was upon the petitioners. *Converse* v. *Wales*, 4 Allen, 512. *Hurley* v. *O'Sullivan*, 137 Mass. 86. *Goff* v. *Britton*, 182 Mass. 293.

In *Hurley* v. *O'Sullivan, supra,* page 89, this court decided that a mistaken belief that the testator had given a good

title to certain real estate to one of his children which led him to omit to make provision for that child in his will, was not such accident or mistake as rendered the omission unintentional under the statute. We see no valid distinction between such a mistaken belief and an erroneous belief in the death of a child. The case decides that the errors or mistakes which the statute contemplates are not "such mistakes or accidents as would or might have caused the testator to entertain a different intention from that which omission from the will would show, but mistake or accident in the expression of the will or in its transcription. It was not intended to state two contingencies in which the omission from the will would operate to deprive the child of his share; namely, where the omission was intentional, and also where, but for a mistake or accident, the testator would not have done that which he intended to do, and actually did; but one only."

The decision is of greater weight because it was rendered after a divided court in the earlier case of *Ramsdill* v. *Wentworth*, 101 Mass. 125, 127, had seemed to indicate a different construction for the statute. It was followed in the recent case of *Howard* v. *Smith, supra.* See also *Ryalls* v. *Sayles, supra.*

It is apparent on the evidence that, whether or not she believed this son, whose picture hung on the walls of the room in which the will was written, to be dead, she had a present conscious purpose to give all her property to the widow and children of her son Ernest. An intent thus appears to omit provision for everyone except those mentioned in the will. What she would have intended or have done if she had known this son to be alive and likely within four years to demand a share of what she had left, is matter of pure speculation.

The judge was right in holding that mere lapse of time without knowledge of the absentee would not establish a controlling presumption of death, *Talbot, petitioner*, 250 Mass. 517, and a finding may be justified that the proof fell short of showing that the testatrix believed him to be dead and so omitted to provide for him. But the statute presumes an intent to give, frustrated by some accident or mistake in

something connected with the will. *Hurley* v. *O'Sullivan,* *supra.* See *Coulam* v. *Doull,* 133 U. S. 216. The preamble, "*whereas,* through the anguish of the diseased [deceased] testator, or through his solicitous intention though in health, or through the oversight of the scribe, some of the testator's children are omitted and not mentioned in the will" (in which "intention" is used in the now archaic meaning of "intense concentration of mind"), explains the purpose of the act, 12 Wm. III, c. 4, § 2, which was the origin of our statute and of the similar provisions in the laws of other States. The evidence fails to show an intention to give to this son, frustrated by any error of expression or transcription in the will.

It follows that under the principle of the decision in *Hurley* v. *O'Sullivan, supra,* the evidence requires the finding that within the meaning of the statute, the omission to provide for the son was intentional and not occasioned by accident or mistake.

*Decree reversed.*