ISABEL WALTON, LILLIAN G. WALTON,
WALTER NEWELL ROBERTS

*vs.*

GRACE H. ROBERTS.

Cumberland.   Opinion, October 26, 1944.

*Berman & Berman,* Portland,

*Sidney W. Wernick,* for the plaintiffs.

*Frank H. Haskell,*

*Hinckley & Hinckley, by George H. Hinckley,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER, J. The amended bill in this case seeks a partition of certain real estate and a construction of the will of Lillian G. Roberts. The claim of the plaintiffs is that the parties are tenants in common. The defendant claims to be the sole owner under a deed from her husband, Walter H. Roberts, who was the sole devisee under the will of his deceased wife, Lillian G. Roberts. The question is whether the plaintiffs, being the children of Walter H. and Lillian G., and not being mentioned in their mother's will, took a two-thirds interest in the real estate under the provisions of the statute governing the rights of children not having a devise under a parent's will. The essential provisions of the statute in question, Rev. Stat. 1930, Ch. 88, Sec. 9, read as follows:

"A child, or the issue of a deceased child not having any devise in the will, takes the share of the testator's estate, which he would have taken if no will had been made, unless it appears that such omission was intentional, or was not occasioned by mistake, or that such child or issue had a due proportion of the estate during the life of the testator."

The sitting justice found as a fact that the testatrix, Lillian G Roberts, intentionally omitted from her will her children born and to be born, and in accordance with such finding entered a decree dismissing the bill. The case is before us on an appeal from this ruling. The question is whether the appellants have sustained the burden of showing that such finding is clearly erroneous. *Young* v. *Witham,* 75 Me., 536.

The facts are not in dispute. The sole question is whether the omission by Lillian G. Roberts to mention her children in her will was intentional. Title to the property in question was acquired by Lillian G. Roberts on July 2, 1886. She was then living with her husband, Walter H. Roberts. The son, Walter N. Roberts, was then eighteen months old, the daughter, Lillian G. Walton, was born June 14, 1887, and the daughter, Isabel Walton, on October 26, 1891. The will which was in Mrs. Roberts' handwriting was executed April 14, 1891, six and a half months prior to the birth of her youngest child. Under its terms her entire estate both real and personal was left to her husband who was appointed sole executor. No mention was made of any of the children. Mrs. Roberts died June 20, 1927, and her will was duly allowed by the Probate Court for the County of Cumberland on November 20, 1929. A little over a year after his wife's death Walter H. Roberts married the defendant and on April 21, 1938 conveyed to her the property in question by warranty deed. He died May 27, 1941. The real estate consisted of a lot of land on Fessenden Street in Portland containing approximately 4,600 square feet on which was a house in which the father, mother and their children lived. In the petition for probate of Mrs. Roberts' will, her husband estimated its value as not over $5,000. It was a modest home paid for in installments in which the mother and father lived happily and brought up their children. The mother had no property of her own, and was not at any time gainfully employed.

Her daughter, Isabel, testified that her mother's will was kept in a strong box in the house and that she often talked with her mother about it.

The statute raises a presumption that the omission to provide for a child in a will is not intentional. This presumption is rebuttable, *Ingraham, Appellant,* 118 Me., 67, 105 A. 812, and the burden of rebutting it is on those who oppose the claim of the child. *Ramsdill v. Wenthworth,* 106 Mass., 320. Declarations of a testator are admissible on this point, *Whittemore v. Russell,* 80 Me., 297, 14 A., 197, 6 Am. St. Rep., 200. In the case before us there is no evidence of what the testatrix may have said as to her reasons for omitting her children as devisees. If there were any such statements they were undoubtedly made to her husband and he is dead. But the circumstances of her life at the time the will was drawn speak even more conclusively than would direct evidence of her intent. They are relevant and can properly be considered by the Court. *Ingraham, Appellant,* supra; *Buckley v. Gerard,* 123 Mass., 8; *Peters v. Siders,* 126 Mass., 135, 30 Am. Rep., 671; *Peet v. Peet,* 229 Ill., 341, 82 N. E., 376, 13 L. R. A. N. S., 780; *Froelich v. Minwegen,* 304 Ill., 462, 136 N. E., 669; *Mitchell v. Mitchell,* 48 R. I., 1, 135 A., 35.

The case of *Buckley v. Gerard,* supra, is typical of several others. The evidence showed that the testatrix, a woman of intelligence, fond of her children, who lived with her and her husband, made no mention of them in her will. The court said, page 12:

> "Considering the affection and respect she felt for her husband, and the tender age of her children, it was not unnatural or unreasonable that she should leave her estate to him, trusting to his known affection to support and educate their children and to make suitable provision for them by his will.
>
> "To assume that she unintentionally omitted to

provide for the child living when the will was made, is to assume that she forgot that she had a child, which is incredible."

That statement describes substantially the situation which we have before us. There was every reason why Mrs. Roberts should in case of her death wish her husband to have this home in which they had lived happily. Her children were of tender years. They could be much better provided for if the home were owned by the father instead of each child having a fractional interest to be handled by a guardian or to become a problem on a child becoming of age. We have the ordinary case so well known to many of us of one spouse trusting in case of death to the other to provide for their children. It is argued that the testatrix may not have known at the time she executed the will that she was to have another child. It is a reasonable inference that she did know. But under the facts of this case, whether she did or not makes no difference. The same reasons which she had for omitting the children already living would apply to the one who was unborn. The case of *Froelich* v. *Minwegen,* supra, shows that the same circumstances which indicated an intention to omit children living at the time of making the will applied to those born subsequently thereto.

That this mother living with her infant children and caring for them, about to give birth to another, omitted them unintentionally from a share in her estate is, as the Massachusetts court said, to assume that she forgot that she had them. Counsel in effect ask us to ignore circumstances which we know existed in this home as they do in so many others, to refuse to draw from them the only inference which a reasonable man could draw, to reject as a fact what we know was the fact. In short they ask us to lay down a doctrine, unsupported by a single cited authority, which would in effect make the presumption given by the statute irrebuttable.

The overwhelming weight of authority supports the findings of the sitting justice. Not only is his decision not manifestly wrong, we do not see how he could have come to any other conclusion.

*Appeal dismissed.*
*Decree below affirmed.*