PATRICK H. WHITE, executor, *vs.* THOMAS HENRY WHITE
& another.

Middlesex.     November 3, 1947. — November 24, 1947.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy*, Omitted child.  *Evidence*, Extrinsic affecting writing.
   *Words*, "Accident," "Mistake."

The question, whether, under G. L. (Ter. Ed.) c. 191, § 20, a testator
   intentionally omitted to provide in his will for a child or issue of a
   deceased child, or whether such omission was occasioned by accident
   or mistake, is a question of fact; and, if there is language in the will
   bearing on the question, it must be determined by such language
   read in the light of attendant circumstances which were known to the
   testator at the time of the execution of the will, or, if there is no such
   language in the will, the omission by intention or by accident or mis-
   take may be proved by any appropriate evidence.
The accident or mistake occasioning the omission to provide in a will for
   a child or issue of a deceased child of the testator and thus resulting
   under G. L. (Ter. Ed.) c. 191, § 20, in such child or issue sharing in the
   testator's estate notwithstanding the will is not to be construed as
   such accident or mistake as would or might have caused the testator
   to entertain a different intention from that which omission from the
   will would show, but is an accident or mistake in the expression of the
   will or in its transcription frustrating an intent to give.
A finding, under G. L. (Ter. Ed.) c. 191, § 20, that omission to provide
   for an adopted child in the will of his adoptive mother was uninten-
   tional and occasioned by accident or mistake was plainly wrong, and.
   findings were required that the testatrix did not have an intention of
   making provision for the child which was frustrated by an error of
   expression or transcription in her will, and that the omission to pro-
   vide was intentional, where it appeared that, when the will was made,
   the child had not yet been adopted but had been living with the
   testatrix and her husband for nine years; that, in contemplation of
   adopting him and in accordance with the mutual desire of the testatrix
   and her husband that the survivor of them should take all the property
   of the other, they made wills, each making the other sole beneficiary
   thereunder and not mentioning the child in any way; that immedi-
   ately thereafter the adoption occurred; and that a scrivener who
   drew the wills was aware of the intention of the testatrix expressed
   to him of not making any provision in her will for the child.

PETITION, filed in the Probate Court for the county of
Middlesex on November 26, 1945.

The case was heard by *Monahan,* J.

*J. S. McKenney,* for Patrick H. White.

*J. F. Kelley,* for Thomas Henry White.

DOLAN, J.   This is a petition in equity, brought by the executor of the will of Annie D. White, to determine whether the omission to make provision in the will of the testatrix for the respondent Thomas Henry White, her son by adoption, was "intentional and not occasioned by accident or mistake."   G. L. (Ter. Ed.) c. 191, § 20.   The case comes before us on the appeal of Patrick H. White as a respondent in his individual capacity from the decree entered by the judge that "the failure of said testatrix to make provision in her will for said Thomas Henry White was unintentional and was occasioned by accident or mistake."

The evidence is reported, and the judge made a report of the material facts found by him at the request of the appellant.   G. L. (Ter. Ed.) c. 215, § 11.[1]   Under the familiar rule it is our duty to examine the evidence and to decide the case according to our own judgment, giving due weight to the findings of the judge which will not be reversed unless plainly wrong.   In so doing we are not limited to the facts recited in the findings of the judge but from the evidence can find facts not expressly found by him.   All questions of law, fact and discretion are open for our decision, and we can find facts contrary to the judge's findings if convinced that he is plainly wrong.   *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 178.   *Lawrence* v. *Commissioners of Public Works,* 319 Mass. 700, 702.   *Gordon* v. *O'Brien,* 320 Mass. 739, 740.

The evidence discloses the following facts, which the judge found for the most part but some of which we find ourselves not in contradiction of but supplementing those found by him.   The petitioner (and, wherever he is so referred to, we are referring to him as the husband of the testatrix) and the testatrix were husband and wife.   They had been married for over fifty years.   In 1911 they took into their home a child, Thomas Henry Kelley (the respond-

---

[1] See St. 1947, c. 365, § 3.

ent Thomas Henry White). He was the child of a sister
of the testatrix. He remained in the home of the testatrix
and the petitioner until about seven months after her
death on April 27, 1940. From 1911 up to January 1, 1921,
the petitioner and the testatrix had talked about adopting
him. The testatrix loved him and desired to adopt him.
The petitioner did not seriously consider adopting him.
When the petitioner and the testatrix were talking about
adopting him, they frequently discussed to whom their
property should go in the event of death. His "desire
was that if anything happened to . . . [him] she got it,
and her desire was that if anything happened to her it
would come to . . . [him]." At some time in 1920 they
consulted one Badger, whom they erroneously believed to
be a lawyer, because they wished to have their respective
property rights "fixed up before they adopted the child."
He advised them that the way to accomplish the result
was to draw up mutual wills, and then to petition the Pro-
bate Court for the adoption of the child. After the con-
sultation Badger prepared a will for the petitioner and one
for the testatrix, in which each devised and bequeathed
to the other all his or her property, the will of the testatrix
providing thus: "I give, devise and bequeath unto my
beloved husband, Patrick H. White, any and all property
of every name and nature now owned by me or to which I
may be entitled to at any future time, whether real, personal
or mixed." The respondent Thomas Henry White (herein-
after referred to as Thomas) was not mentioned in either
will. On December 29, 1920, Badger, having prepared the
wills, brought them to the home of the petitioner and the
testatrix and they were executed by them on that day,
Badger then saying "if anything happens everything is
fixed all right. So it is in either your name or your wife's
name," and the testatrix said to the petitioner "You are
entitled to it because you worked for it." The property
standing in the name of the testatrix at her death consisted
of personal property and the house which the petitioner
and the testatrix had occupied, the one in which Thomas
had lived with them. The house had been purchased in

1914 and title was taken in the name of the testatrix. The petitioner paid the purchase price out of his own money, and had paid off a mortgage thereon prior to the death of the testatrix except as to the sum of $1,000, which he has paid since then. On the day following the execution of the will of the testatrix, that is, on December 30, 1920, the petitioner and the testatrix signed a petition for the adoption of Thomas, which was filed in the Probate Court on January 17, 1921, and allowed by decree dated March 31, 1921, under which the name of Thomas was changed to "Thomas Henry White." The testatrix having died on April 27, 1940, the petitioner filed a petition for probate of her will on July 11, 1940. Thomas assented to the petition for probate. The petitioner was then about seventy-six years of age. In concluding his findings the judge found that "the omission of the respondent [Thomas] from the will of the testatrix was unintentional and was occasioned by accident or mistake" and then entered the decree appealed from so adjudging. We are not in accord, being of opinion that on the evidence that finding and the decision of the judge are plainly wrong.

By virtue of the adoption of Thomas by the petitioner and the testatrix, all legal consequences of the natural relation of child and parents thereafter existed between them, and he became entitled to take the same share of the property which they could dispose of by will as he would have taken if born to them in lawful wedlock. G. L. (Ter. Ed.) c. 210, §§ 6, 7. *MacMaster* v. *Fobes*, 226 Mass. 396, 399. General Laws (Ter. Ed.) c. 191, § 20, provides as follows: "If a testator omits to provide in his will for any of his children, whether born before or after the testator's death, or for the issue of a deceased child, whether born before or after the testator's death, they shall take the same share of his estate which they would have taken if he had died intestate, unless they have been provided for by the testator in his life time or unless it appears that the omission was intentional and not occasioned by accident or mistake."

The question whether the omission of the testatrix to

provide in her will for Thomas was intentional or was unintentional and occasioned by accident or mistake is a question of fact. *Woodvine* v. *Dean,* 194 Mass. 40. And the purpose and intention of the testatrix must be ascertained from the language of the will read in the light of the attendant circumstances which were known to her at the time of the execution of her will. *Howard* v. *Smith,* 249 Mass. 522. If there is no language in the will from which it appears that the omission was intentional, that may be proved by any appropriate evidence. *Wilson* v. *Fosket,* 6 Met. 400. *Buckley* v. *Gerard,* 123 Mass. 8. *Peters* v. *Siders,* 126 Mass. 135, 138. *Howard* v. *Smith,* 249 Mass. 522, 524, and cases cited. The evidence in the present case establishes that the existence of Thomas was known to the testatrix when she executed her will; that for some years before she executed the will Thomas had been a member of her household; that it was in contemplation of joining with the petitioner in adopting Thomas that the will was executed by her with the purpose of providing that all the property that she should have at the time of her death should go to the petitioner; that the petitioner in like manner executed at the same time a will in the same terms in her favor; that the scrivener was aware of the intention of the testatrix expressed to him of not making any provision in her will for Thomas, but that the scrivener did not so state in express terms in the will that he prepared.

The accidents or mistakes that are contemplated by the statute are not to be construed as meaning such mistakes or accidents as would or might have caused the testatrix to entertain a different intention from that which omission from the will would show, but are mistakes or accidents in the expression of the will or in its transcription. *Hurley* v. *O'Sullivan,* 137 Mass. 86, 87–89. In the case just cited the court said, "To set aside a will which actually expresses that which the testator intended, because he acted under erroneous views of the law as applicable to his children and his or their property, is to give a significance to the word 'mistake' which the history of the legislation, the language used therein, and the reason of the matter, alike show was

never contemplated" (page 89). The statute presumes an intent to give, frustrated by some accident or mistake in connection with the will. *Draper* v. *Draper*, 267 Mass. 528, 532–533. Counsel for Thomas has argued that, by reason of the fact that his adoption by the testatrix and the petitioner occurred after the execution of the will of the testatrix, he occupies the same position as would a natural child born to her and the petitioner in lawful wedlock after the execution of her will. That does not avail Thomas, since the principles before stated governing the determination of the question whether the omission was intentional or was unintentional and caused by accident or mistake are also applicable in such a case. *Bancroft* v. *Ives*, 3 Gray, 367. *Prentiss* v. *Prentiss*, 11 Allen, 47, 49. *Peters* v. *Siders*, 126 Mass. 135. *Jones* v. *Jones*, 297 Mass. 198, 209.

In the present case the evidence requires a finding that the testatrix did not have any intention of making provision for Thomas in her will that was frustrated by any error of expression or transcription in her will, and a finding that, within the meaning of the statute, the omission to provide for Thomas was intentional and not occasioned by accident or mistake. *Draper* v. *Draper*, 267 Mass. 528, 532–533, and cases cited.

It follows from what we have said that the decree entered by the judge must be reversed, and that instead a decree must be entered after rescript adjudging that the omission of the testatrix to make provision in her will for the respondent Thomas Henry White was intentional and was not occasioned by accident or mistake.

*So ordered.*