*Northern District*
No. 8161
**JET CONSTRUCTION CO., INC.**
v.
**C. C. WHITTEN, INC.**

Argued: Feb. 21, 1974 - Decided: May 10, 1974

*Present:* Bacigalupo, P.J., Forte, and Flynn, JJ.

Case tried to *Thomson, J.* in the Third District Court of Essex (Ipswich) No. 68 of 1970.

**Forte, J.** This is an action in contract wherein the plaintiff appeals from an order sustaining the defendant's demurrer to the substitute declaration containing two counts.

The demurrer reads as follows:

"The defendant demurs to the plaintiff's substitute declaration and assigns as reason therefor:

1. The plaintiff has failed to file a sufficient bill of particulars with its declaration as required by law.

2. The plaintiff has failed to state a cause of action against this defendant.''

■. ''The function of a demurrer is to test the sufficiency of the pleading against which it is directed and, its scope being thus limited, we cannot in considering a demurrer go beyond the allegations contained in that pleading.'' *Siegel* v. *Knott*, 316 Mass. 526, 528.

■ Since the demurrer is by its express terms addressed to the substitute declaration as a whole, it must be overruled if either count is good. *Burke* v. *Firestone Tire & Rubber Co.*, 319 Mass. 372 and citations there collected.

''The declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action.'' G.L. c. 231, § 7, second; *White* v. *Shulman*, 325 Mass. 759.

Each count must be read by itself and must contain within itself allegations of such facts as will make out a cause of action. *Kenney* v. *Boston & Maine Railroad*, 301 Mass. 271, 274; *Holland* v. *Good Bros. Inc.*, 318 Mass. 300, 303.

Count I of the substitute declaration reads as follows:

■ ''COUNT I

And the plaintiff says that the defendant owes it the sum of Seven Hundred ($700)

Dollars, for money had and received to the use of the plaintiff and interest, in accordance with the account hereto annexed marked "A".

"A"

C. C. Whitten, Inc.

TO:

Jet Construction Co., Inc.

ITEM
1. Payment received from Lynn Institution for Savings for inside finish on Lazaris house $700.00
2. Interest from September 1, 1969, on or about which date demand for payment was made    35.00

3. Total due                    $735.00"

Count I appears to be a common count for money had and received and is in the form permitted by G.L. c. 231, § 147, form 1 (a). The account marked "A" is nothing more than a bill of particulars required by c. 231, § 14. *Flower* v. *Suburban Land Co., Inc.*, 332 Mass. 30. "It has also been said that 'the right to recover in an action for money had and received 'does not depend upon privity of contract, but on the obligation to restore that which the law implies should be returned, where one is unjustly enriched at another's expense.' *Rabinowitz* v. *People's National Bank*, 235 Mass. 102, 103. *Flavin* v. *Morrissey*,

327 Mass. 217, 220." *Flower* v. *Suburban Land Co., Inc.,* 322 Mass. 30, 33.

Further, demand for payment is alleged for which a separate count is not required, *Hall* v. *Foster,* 114 Mass. 18, but if recovery for interest from date of demand is sought, it must be pleaded. *Ordway* v. *Colcord,* 14 Allen 59; *Crowley* v. *Boston,* 342 Mass. 344, 350.

Count I states a good cause of action also as a count upon an account annexed under c. 231, § 7, Ninth, although additional words are used than specified in the form set forth in c. 231, § 147, form 2. A "plaintiff who declares on a count on an account annexed has by legal intendment made with respect to the item stated in the account annexed all the allegations contained in all the common counts . . ." *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306, 310; *Hathaway* v. *Cronin,* 301 Mass. 419, 421; *Flower* v. *Suburban Land Co., Inc.,* 322 Mass. 30, 33.

Therefore, we hold that Count I states a good cause of action and the demurrer should not have been sustained; and there is no need to discuss Count II.

The order sustaining the demurrer is vacated and the action is ordered restored to the trial list.