BRUCE HAUPTMAN & another[1] *vs.* LORING CONANT, JR., & another.[2]

Middlesex.  January 10, 1980. — February 15, 1980.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Will*, Omitted issue. *Real Property*, Conveyance.

Language in a will providing that one of the testator's two daughters should be his heir to the exclusion of all others, and explaining why that was to be so, removed any question that the omission of specific mention of his other daughter was inadvertent. [192]

CONTRACT. Writ in the Superior Court dated July 21, 1971. The action was tried before *Mitchell*, J.

---

[1] Martha Hauptman.

[2] Louise R. Conant.

*Norman T. Byrnes* (*Thomas I. Elkind & Stephen A. Moore* with him) for the defendants.

*Nelson P. Lovins* (*Ira H. Zaleznik* with him) for the plaintiffs.

HALE, C.J. The plaintiffs' complaint seeking the return of the deposit paid on a real estate purchase and sale agreement was tried before a jury; the defendants have appealed from the judgment entered upon the verdict in favor of the plaintiffs. We hold that the defendants' motion for a directed verdict was erroneously denied and reverse the judgment.

In 1971 the plaintiffs and the defendants entered into a purchase and sale agreement for the defendants' house, the former paying a deposit of $5,450. The agreement provided in effect that should the defendants be unable to convey a good and clear record and marketable title by the agreed upon closing date, the deposit would be refunded and all obligations of the parties under the agreement would cease.

A title examination disclosed that in 1902 the property was owned by one Whitman Winsor, who died that year. By the terms of his will (executed on June 21, 1901, and admitted to probate on June 4, 1902), his entire estate was left to one of his daughters, Lucy T. Winsor. The relevant portion of that will stated, "I give, devise and bequeath all my property, real and personal, to my daughter Lucy T. Winsor, and I nominate her sole executrix of this my will and request that she shall be exempt from giving any surety or sureties on her bond as such executrix. I deem it only right and just that my said daughter Lucy T. Winsor shall have all my property . . . because she has lived with me and cared for me for many years, and it is my will that all shall be hers." The testator had another daughter, Caroline, who was not provided for in the will.

The plaintiffs were advised by their attorney that the will inadvertently omitted to mention Caroline by name and that upon her father's death she may have become entitled to an intestate share in his estate, which included the real estate covered by the agreement. This claimed defect not

having been removed within the time set by the agreement, the plaintiffs deemed the agreement "null and void," and this litigation ensued.

Whether the title here was marketable and thus it was error to deny the defendants' motion for a directed verdict is to be decided by the answer to one question: whether as matter of law the above quoted portion of the will standing alone clearly compels the conclusion that the testator intentionally omitted Caroline from his will. We agree with the defendants that it does.

Whether Caroline obtained any interest in her father's estate is governed by the statute on omitted children then in effect, R. L. (1902) c. 135, § 19: "If a testator omits to provide in his will for any of his children . . . they shall take the same share of his estate which they would have taken if he had died intestate, unless they have been provided for by the testator in his lifetime or unless it appears that the omission was intentional and not occasioned by accident or mistake." See now G. L. c. 191, § 20. As the will is the only evidence that we have of the testator's intent, his intent must be ascertained from the written will alone. The question of intent is thus one of law. See *Jacobson* v. *Jacobson*, 334 Mass. 658, 661 (1956). The testator clearly stated that Lucy should be his heir to the exclusion of all others, and then explained why that was to be so. His language removed any question that the omission of specific mention of Caroline was other than intentional or that it was occasioned by accident or mistake. We reject the argument that the testator made his will to include these two provisions, which compose the whole body of the will, all the while forgetful of his other daughter. *Howard* v. *Smith*, 249 Mass. 522, 524 (1924) ("To assume that . . . [the testator] unintentionally omitted to provide for the child living when the will was made, is to assume that she forgot that she had a child, which is incredible," quoting *Buckley* v. *Gerard*, 123 Mass. 8, 12 [1877]).

Having decided the case on this one issue, it is unnecessary to consider the other claims of error argued by the defendants.

*Judgment reversed.*

*Judgment for the defendants.*